# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NONEND INVENTIONS, N.V., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:15-cv-625 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nonend Inventions, N.V., ("Nonend") files this complaint against the above-named defendants alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1.  Nonend is a limited liability company formed under the laws of the Netherlands with a principal place of business in Bilthoven, the Netherlands.

2.  Defendant Toshiba Corporation is a corporation organized under the laws of Japan with a principal place of business in Minato, Tokyo.

3.  Defendant Toshiba America, Inc. is a corporation organized under the laws of Delaware with a principal place of business in New York, NY. Toshiba

America, Inc. can be served through its resident agent for service of process in Texas: C T Corporation System, 1999 Bryan Street, Suite 900; Dallas, TX 75201 USA.

4. Defendant Toshiba America Information Systems, Inc. is a corporation organized under the laws of California with a principal place of business in Irvine, California. Toshiba America, Inc. can be served through its resident agent for service of process in Texas: C T Corporation System, 1999 Bryan Street, Suite 900; Dallas, TX 75201 USA.

5. Toshiba America, Inc. and Toshiba America Information Systems, Inc. are wholly owned subsidiaries of Toshiba Corporation. The companies will be collectively referred to as defendant "Toshiba."

## JURISDICTION AND VENUE

6. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Toshiba has transacted business in this district and has committed acts of patent infringement in this district.

8. Toshiba is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to

defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,590,752**

9. On September 15, 2009, United States Patent No. 7,590,752 ("the 752 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Playing Media Content On A Media Player While Streaming The Retrieved Parts Of The Media Content To Other Devices."

10. Nonend is the owner of the 752 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 752 patent against infringers, and to collect damages for all relevant times.

11. Toshiba made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream media in an infringing manner (including at least computers with Windows Media Player) (the "accused products"). By doing so, Toshiba has directly infringed (literally and/or under the Doctrine of Equivalents) the 752 Patent. Toshiba's infringement in this regard is ongoing.

12. Toshiba has also indirectly infringed the 752 Patent by inducing others to directly infringe the 752 Patent. Toshiba has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 752 Patent by using the accused products. Toshiba took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 752 patent. Such steps by Toshiba included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 752 Patent. Toshiba's inducement is ongoing.

13. Toshiba has also indirectly infringed by contributing to the infringement of the 752 Patent. Toshiba has contributed to the direct infringement of the 752 Patent by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 752 Patent. The special features include the ability to stream content between the accused products in an infringing manner. The special features constitute a material part of the invention of one or more of the claims of the 752 patent and are not staple articles

of commerce suitable for substantial non-infringing use. Toshiba's contributory infringement is ongoing.

14. Toshiba had knowledge of the 752 Patent before the filing of this action. Toshiba also has knowledge of the 752 Patent at least as of the date when it was notified of the filing of this action. Furthermore, on information and belief, Toshiba has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Toshiba's direct and indirect infringement of the 752 Patent has thus been with knowledge (or willful ignorance) of the 752 Patent, making Toshiba liable both for indirect infringement and willful infringement.

15. Nonend has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Toshiba is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,779,138

17. On August 17, 2010, United States Patent No. 7,779,138 ("the 138 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content Between Media Players Configured To Locate Each Other."

18. Nonend is the owner of the 138 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 138 patent against infringers, and to collect damages for all relevant times.

19. Toshiba made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least computers with Windows Media Player) (the "accused products"). By doing so, Toshiba has directly infringed (literally and/or under the Doctrine of Equivalents) the 138 Patent. Toshiba's infringement in this regard is ongoing.

20. Toshiba has also indirectly infringed the 138 Patent by inducing others to directly infringe the 138 Patent. Toshiba has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 138 Patent by using the accused products. Toshiba took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 138 patent. Such steps by

Toshiba included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 138 Patent. Toshiba's inducement is ongoing.

21.     Toshiba has also indirectly infringed by contributing to the infringement of the 138 Patent. Toshiba has contributed to the direct infringement of the 138 Patent by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 138 Patent. The special features include the ability to stream content in a manner that infringes the 138 Patent. The special features constitute a material part of the invention of one or more of the claims of the 138 patent and are not staple articles of commerce suitable for substantial non-infringing use. Toshiba's contributory infringement is ongoing.

22.     Toshiba had knowledge of the 138 Patent before the filing of this action. Toshiba also has knowledge of the 138 Patent at least as of the date when it was notified of the filing of this action. Furthermore, on information and belief, Toshiba has a policy or practice of not reviewing the patents of others (including

instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights.  Toshiba's direct and indirect infringement of the 138 Patent has thus been with knowledge (or willful ignorance) of the 138 Patent, making Toshiba liable both for indirect infringement and willful infringement.

23.     Nonend has been damaged as a result of the infringing conduct by defendant alleged above.  Thus, Toshiba is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.     Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## **COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,099,513**

25.     On January 17, 2012, United States Patent No. 8,099,513 ("the 513 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Streaming Content From One Or More Production Nodes Or Media Player Systems."

26.     Nonend is the owner of the 513 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action

and enforce the 513 patent against infringers, and to collect damages for all relevant times.

27.   Toshiba made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products having the ability to stream content (including at least computers with Windows Media Player) (the "accused products"). By doing so, Toshiba has directly infringed (literally and/or under the Doctrine of Equivalents) the 513 Patent. Toshiba's infringement in this regard is ongoing.

28.   Toshiba has also indirectly infringed the 513 Patent by inducing others to directly infringe the 513 Patent. Toshiba has induced the end-users to directly infringe (literally and/or under the Doctrine of Equivalents) the 513 Patent by using the accused products. Toshiba took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes the 513 patent. Such steps by Toshiba included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. This induces end-users to use the accused products in a manner that infringes the 513 Patent. Toshiba's inducement is ongoing.

29. Toshiba has also indirectly infringed by contributing to the infringement of the 513 Patent. Toshiba has contributed to the direct infringement of the 513 Patent by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the 513 Patent. The special features include the ability to stream content in a manner that infringes the 513 Patent. The special features constitute a material part of the invention of one or more of the claims of the 513 patent and are not staple articles of commerce suitable for substantial non-infringing use. Toshiba's contributory infringement is ongoing.

30. Toshiba had knowledge of the 513 Patent before the filing of this action. Toshiba also has knowledge of the 513 Patent at least as of the date when it was notified of the filing of this action. Furthermore, on information and belief, Toshiba has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and has thus remained willfully ignorant of Nonend's patent rights. Toshiba's direct and indirect infringement of the 513 Patent has thus been with knowledge (or willful ignorance) of the 513 Patent, making Toshiba liable both for indirect infringement and willful infringement.

31. Nonend has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Toshiba is liable to Nonend in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32. Nonend and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Nonend hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Nonend requests that the Court find in its favor and against Toshiba and that the Court grant Nonend the following relief:

a. Judgment that one or more claims of the asserted patents have been infringed, either literally and/or under the Doctrine of Equivalents, by Toshiba;

b. Judgment that Toshiba account for and pay to Nonend all damages to and costs incurred by Nonend because of Toshiba's infringing activities and other conduct complained of herein;

  c. That Toshiba's infringement be found to be willful, and that the Court award treble damages for the period of such willful infringement under 35 U.S.C. § 284;

  d. A permanent injunction enjoining Toshiba and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the asserted patents;

  e. Pre-judgment and post-judgment interest on the damages caused by Toshiba's infringing activities and other conduct complained of herein;

  f. A declaration by the Court that this an exceptional case and an award to Nonend its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

  g. Other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 1, 2015      Respectfully submitted,

            */s/ Matthew J. Antonelli*
            Matthew J. Antonelli (lead attorney)
            Texas Bar No. 24068432
            matt@ahtlawfirm.com
            Zachariah S. Harrington
            Texas Bar No. 24057886
            zac@ahtlawfirm.com
            Larry D. Thompson, Jr.
            Texas Bar No. 24051428
            larry@ahtlawfirm.com

Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

*Attorneys for Nonend Inventions N.V.*